# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL F. TAYLOR, et al., | 1:11cv01847 AWI DLB |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS THE ACTION |
| v. | |
| THE PEOPLE OF THE STATE OF ALABAMA, et al., | [SEALED] |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed the instant qui tam action pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq*, along with an application to proceed in forma pauperis. This proceeding was referred to the Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.

**I.    IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The Court recommends that the application be denied because, as discussed below, the court lacks subject matter jurisdiction and the action should be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

As a result, Plaintiff's application to proceed in forma pauperis is MOOT.

**II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is a prisoner in the custody of the California Department of Corrections and

1

Rehabilitation ("CDCR").  He is housed at California Correctional Institution in Tehachapi, California.  Plaintiff purports to bring suit on behalf of himself, the Internal Revenue Service and the United States of America against the people of the individual States, the canal zone, the Commonwealth of the Northern Mariana Islands, the Commonwealth of Puerto Rico, the District of Columbia and the Virgin Islands based on the False Claims Act.  Plaintiff contends that on or about April 1, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010 and 2011, "certain defendants made a false claim" on their W2 Tax Form and 1040 Tax Form "by having claimed 'Dependents' that defendants were not entitled to claim on records they knowingly and willfully submitted and reported to the Internal Revenue Service (I.R.S.) and/or the United States of America."  Complaint, p. 4.  Plaintiff further alleges that defendants used W4 Federal Tax Forms to cause their employers to believe that certain dependents were eligible to be claimed as a lawful dependent to decrease their tax obligation to the United States of America.  Plaintiff believes that "33% of the defendants since the year 2003 . . . have received a certain of money . . . via Income Tax returns for dependents" that they had no legal right to claim.  Plaintiff contends that Defendants have "scammed the United States of America for an estimated $40,000,000,000.00 or more . . . by falsely having claimed a dependent."  Complaint, p. 5.  Plaintiff asserts that he is not able to obtain some names of dependents used by defendants during their false reporting through the Freedom of Information Act or through other entities.  Plaintiff agrees to work in tandem with the United States of America to cause defendants to accept an offer of compromise to individually settle each false claim for $90.00, with $10.00 being retained by Plaintiff and $80.00 being remitted to the United States of America, from an estimated one hundred million defendants.  Complaint, p. 6.

**III.     DISCUSSION**

    **1.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

P. 12(h)(3). A court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### 2. The False Claims Act

Under the False Claims Act ("FCA"), the court has jurisdiction over civil actions for submissions of false claims to the federal government brought by private persons on behalf of the person and for the United States Government. 31 U.S.C. §§ 3729(a)(1), (2) and 3730(b). To state a claim under the FCA, a private person must allege the defendant submitted a claim to receive money from the government or used a false statement or record to avoid paying money owed to the government, that the claim or statement was false or fraudulent, and that the defendant knew the claim was false or fraudulent. *See* 31 U.S.C. § 3729(a). However, the liability provisions of the FCA do "not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(d); *cf. U.S. ex rel. Roberts v. Western Pac. R. Co.*, 190 F.2d 243 (1951).

In this case, Plaintiff alleges that defendants made false statements in their federal tax returns. Such income tax returns plainly constitute claims, records or statements made under the Internal Revenue Code. Thus, the tax bar provision in the FCA forecloses Plaintiff's claims against any defendants in this action and the Court lacks subject matter jurisdiction over the complaint. *See, e.g.*, *U.S. ex rel. Barber v. Paychex, Inc.*, 2010 WL 283633, *5-7 (S.D.Fla. Jul. 15, 2010) (court lacked subject matter jurisdiction to hear claims prohibited by tax bar of FCA).

## V. CONCLUSION

For the reasons stated, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be DENIED AS MOOT; and

2. This action be DISMISSED for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:** **December 14, 2011**              **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE